ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
VICTOR A. RODGERS
California Bar No. 101281
Assistant United States Attorney
Asset Forfeiture Section
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2569
    Facsimile: (213) 894-7177
    E-mail: Victor.Rodgers@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>        v.<br><br>$93,200.00 IN U.S. CURRENCY,<br><br>    Defendant.<br><br>LUIS MARTIN BUENROSTRO,<br><br>    Claimant. | No. CV 12-09858-FMO(AJWx)<br><br>**CONSENT JUDGMENT OF FORFEITURE** |

On or about November 6, 2012, Plaintiff United States of America ("the government," "the United States of America" or "plaintiff") filed a Complaint for Forfeiture alleging that the defendant $93,200.00 in U.S. Currency (the "defendant currency") is

subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

Claimant Luis Martin Buenrostro ("claimant") filed a claim to the defendant currency on or about February 22, 2013 and an answer to the Complaint on or about March 11, 2013. No other parties have appeared in this case and the time for filing claims and answers has expired.

The government and claimant have now agreed to settle this action and to avoid further litigation by entering into this Consent Judgment of Forfeiture.

The Court, having been duly advised of and having considered the matter, and based upon the mutual consent of the parties hereto,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. This Court has jurisdiction over the subject matter of this action and the parties to this Consent Judgment of Forfeiture.

2. The Complaint for Forfeiture states a claim for relief pursuant to 18 U.S.C. § 981(a)(1)(C) and 21 U.S.C. § 881(a)(6).

3. Notice of this action has been given as required by law. No appearances have been made in the litigation by any person other than claimant. The Court deems that all other potential claimants admit the allegations of the Complaint for Forfeiture to be true.

4. The sum of $28,000.00 only (without interest) shall be returned to claimant. The remainder of the defendant currency (<u>i.e.</u>, $65,200.00), plus the interest earned by the United States of America on the defendant currency shall be condemned and forfeited to the United States of America, which shall dispose of those funds in accordance with law.

1    5.   The funds to be returned to claimant pursuant to
paragraph 4 above shall be paid to claimant by electronic transfer
directly into the client trust account of Paul Gabbert, Esq.,
attorney of record for claimant in this case.  Claimant (through
his attorney Paul Gabbert) shall provide all information and
complete all documents requested by the United States of America in
order for the United States of America to process the transfer
including, without limitation, providing claimant's attorney of
record's taxpayer identification number, and the identity of the
bank, the bank's address and the account name, account number,
account type and wire transfer routing number for the Paul Gabbert
client trust account to which the transfer of funds is to be made.

    6.   Claimant hereby releases the United States of America,
its agencies, agents, officers, employees and representatives,
including, without limitation, all agents, officers, employees and
representatives of the Drug Enforcement Administration and the
Department of Justice and their respective agencies, as well as all
agents, officers, employees and representatives of any state or
local governmental or law enforcement agency involved in the
investigation or prosecution of this matter, from any and all
claims, actions, or liabilities arising out of or related to this
action, including, without limitation, any claim for attorney fees,
costs, and interest, which may be asserted by or on behalf of
claimant, whether pursuant to 28 U.S.C. § 2465 or otherwise.

    7.   The Court finds that there was reasonable cause for the
seizure of the defendant currency and institution of these
proceedings.  This judgment shall be construed as a certificate of
reasonable cause pursuant to 28 U.S.C. § 2465.

8. The Court further finds that claimant did not substantially prevail in this action, and the parties hereto shall bear their own attorney fees and costs.

DATED: May 8, 2013

_____/s/_____
THE HONORABLE FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

<u>CONSENT</u>

The parties hereto consent to the above judgment and waive any right of appeal.

DATED: May 2, 2013

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


<u>/s/ Victor A. Rodgers</u>
VICTOR A. RODGERS
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

DATED: May 2, 2013

PAUL L. GABBERT


<u>/s/ Paul L. Gabbert</u>
Attorneys for Claimant
LUIS MARTIN BUENROSTRO